**UNITED STATES of America Plaintiff,**

v.

**William Dennis BROSSEAU, Defendant,**

**Kelly Resources, Ltd., Len Tallo Management and Pheasant # 1 Prospect, Garnishees.**

**No. 3:04–CV–2376–K.**

United States District Court, N.D. Texas, Dallas Division.

Aug. 11, 2006.

Richard B. Vance, US Attorney's Office, Fort Worth, TX, for Plaintiff.

William Dennis Brosseau, Dallas, TX, Pro se.

Robert A. Hawkins, S. Cass Weiland, Patton Boggs, Dallas, TX, for Kelly Resources, Ltd, Len Tallo Management and Pheasant # 1 Prospect, Garnishees.

## ORDER

KINKEADE, District Judge.

Before the Court is Elaine M. Wiant's ("Wiant") Motion to Intervene, in her capacity as court-appointed receiver in cause number 03–03257–J, in the 191st District Court of Dallas County, Texas. Wiant's motion was filed for the sole purpose of distributing funds in accordance with this Court's Order. Wiant's motion is therefore **GRANTED**. *See* Fed.R.Civ.P. 5.

Also before the Court is Charles McGarry's ("McGarry") Motion to Intervene. McGarry filed an answer to Plaintiff United States of America's ("the Government") Application for Writ of Garnishment as an intervenor on December 22, 2004. Because McGarry timely sought to intervene and protect his interest in the property at issue, the Court **GRANTS** McGarry's motion. *See* Fed.R.Civ.P. 24(a)(2).

## I. This Court's Order of March 27, 2006

On March 27, 2006, this Court Ordered the Government, Theresa Schneider ("Schneider"), Angelina Perez ("Perez"), and McGarry to complete additional briefing on the sole issue of priority among their claims with respect to the Government's Application for Writ of Garnishment. Having considered the additional briefing, the Court establishes the following priority among the parties regarding to the property garnished from Kelly Resources, Ltd., Len Tallo Management, and Pheasant # 1 Prospects (collectively "Gar-

nishees"): (1) McGarry has first priority to recover the funds owed under his Attorney's Employment Contract of March 10, 2004(2) the Government has second priority to collect a judgment for the United States in Criminal Case No. 3:96–CR–315, (3) Schneider has third priority to collect past due child support pursuant to a Final Decree of Divorce, and (4) Perez has fourth priority to collect past due child support pursuant to a Final Judgment on Petition to Establish Paternity.

## II. Background

This case involves a dispute over funds owed to Brosseau by the Garnishees. Brosseau sued the Garnishees in a state court action styled *Brosseau v. Kelly Resources, Ltd., et al.*, Case No. 03–03257–J (the "State Court Action"). Brosseau successfully obtained a jury verdict in that case, and later negotiated a post-judgment settlement with the Garnishees. All of the parties to this action claim priority to the proceeds from that settlement agreement.

The Government filed its Application for Writ of Garnishment on November 11, 2004. McGarry filed an Original Answer to the Application for Writ of Garnishment on December 12, 2004, and later filed a Motion to Intervene on April 26, 2006, asserting an attorney's lien. Schneider filed a Motion to Intervene on July 7, 2005, asserting a child support lien. Perez filed a Motion to Intervene on January 24, 2006, asserting a child support lien. The Court granted Schneider and Perez' Motions to Intervene on March 27, 2006, and today **GRANTS** McGarry's Motion to Intervene. The Court now turns to establish the order of priorities among the parties.

## III. The Government Has a Tax Type Lien

The Government filed its Application for Writ of Garnishment under 18 U.S.C.

§ 3613 and 28 U.S.C. §§ 3203–06. The garnishment arises out of an October 31, 1999, judgment against William Brosseau in criminal cause No. 3:96–CR–315–1 (the "Criminal Case"). In the Criminal Case, this Court ordered Brosseau to pay $8,036,251.00 in restitution, payable to the victims in the Criminal Case, pursuant to the Mandatory Victims Restitution Act of 1966 (the "Restitution Act") and 18 U.S.C. § 3613. The Court's judgment and restitution order in the Criminal Case is considered to be a tax lien against all of Brosseau's property. *See* 18 U.S.C. § 3613(c). This means that the Court must treat the Government's lien as though it were a tax lien in order to establish priority among the parties.

## IV. McGarry Has a Super–Priority

■ Because the Restitution Act and the Internal Revenue Code (the "Tax Code") give McGarry a super-priority over tax liens, McGarry has first priority over the Government. As stated in Section III of this Order, this Court must treat the Government's lien as though it were a tax lien. The Tax Code grants a super-priority to attorneys who hold enforceable contracts for attorney's fees. 26 U.S.C. § 6323(b)(8). This means that contracts for attorney's fees have priority over previously perfected tax liens. McGarry has a super-priority in this case because he holds, and has presented to the Court, an enforceable contract for attorney's fees for his work in the State Court Action, *Brosseau v. Kelly Resources, Ltd., et al.* McGarry represented Brosseau in the State Court Action under the terms of an Attorney's Employment Contract. The Attorney's Employment Contract gives McGarry a super-priority that specifically trumps the Government's restitution lien in this case. *See* 18 U.S.C. § 3613(d) (stating that a restitution lien is subordinate to the priorities established under the Tax

Code); 26 U.S.C. § 6323(b)(8) (granting priority to contracts for attorney's fees).

■ McGarry also has priority over Schneider and Perez because his interest vested before Schneider or Perez perfected their liens. The Attorney's Employment Contract states that Brosseau "conveys, assigns, and transfers to Attorney his causes of action...." This language affected a present assignment of Brosseau's interest in the State Court Action to McGarry. *See Dow Chemical Co. v. Benton,* 357 S.W.2d 565, 568 (Tex.1962). ("A properly worded contingency fee contract may affect an assignment of the client's cause of action to an attorney"). McGarry's ownership interest in the State Court Action vested immediately upon execution of the agreement on March 10, 2004. Because McGarry's interest vested before Schneider and Perez perfected their child support liens, McGarry has first priority over their liens as well.

McGarry also seeks recovery of a $31,722.09 balance on an unsecured promissory note signed by Brosseau. However, McGarry has presented this Court with no evidence or legal theory showing why this unsecured promissory note should take priority over the other parties' perfected liens. The Court therefore finds that McGarry only has priority with respect to the Attorney's Employment Contract, signed on March 10, 2004.

## V. The Government Has Second Priority

■ As stated in Section III of this Order, this Court must treat the Government's lien as though it were a tax lien. *See* 18 U.S.C. § 3613(c). In establishing priorities relative to tax liens, the Tax Code follows the rule that the first in time is first in right. *See* 26 U.S.C. 6323(a). This means that the Government must rec-

ords its lien first in order to obtain priority. *See Read v. U.S. ex rel. Dept. of Treasury,* 169 F.3d 243, 252 (5th Cir.1999) (citing *U.S. v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954)); *see also* 18 U.S.C. § 3613(c),(d) (stating that a restitution order is perfected upon proper filing of a notice of lien). In this case, the Government perfected its lien against Brosseau's property when it filed its notice of lien with the Dallas County Clerk on January 22, 1999. Normally, this would give the Government priority over all other parties because the Government's lien was perfected first. *See* 26 U.S.C. 6323(a). As discussed in Section IV of this Order, however, the Tax Code gives McGarry a super-priority over the Government's lien. The Government does have priority over Schneider and Perez, though, because the Government perfected it's lien first. The Government, therefore, has second priority behind McGarry.

## VI. Schneider Has Third Priority

Schneider has produced a judicial order for child support. *See In the Matter of the Marriage of Teresa Lucas Brosseau and William Dennis Brosseau,* No. 92–9891, in the 330th Judicial District of Dallas County, Texas (Final Decree of Divorce). Schneider has third priority because she perfected her child support lien (1) after the Government perfected its restitution lien, (2) after McGarry's interest vested, and (3) before Perez perfected her child support lien. A child support lien arises automatically, by operation of law, for all amounts of child support that are due and owing. Tex. Family Code Ann. § 157.312(d). The lien is perfected when it is properly filed or delivered. *See* Tex. Family Code Ann. § 157.314. Schneider perfected her child support lien when she filed her notice of lien on February 24, 2005, in the 191st District Court, Dallas, Texas. *See* Tex. Family Code Ann.

§ 157.314(a). Because Schneider's lien was perfected third, she has third priority behind McGarry and the United States.

## VII. Perez has Fourth Priority

Perez has produced a judicial order for child support. *See In re: The Petition to Establish Paternity,* No. FMCE 05–014461 (41/93), in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida (Final Judgment on Petition to Establish Paternity). Perez has fourth priority because she perfected her child support lien after all the other parties perfected their interests. A child support lien arises automatically, by operation of law, for all amounts of child support that are due and owing. Tex. Family Code Ann. § 157.312(d). The lien is perfected when it is properly filed or delivered. *See* Tex. Family Code Ann. § 157.314. Perez perfected her child support lien when she filed her notice of lien in this Court on April 21, 2006. *See* Tex. Family Code Ann. § 157.314(b); *see also* § 157.312(e) (stating that a child support lien arising in another state may be enforced in the same manner as a lien arising in this state). Because Perez' lien was perfected fourth, she has fourth priority behind McGarry, the Government, and Schneider.

## VIII. Schneider and Perez Do Not Have Priority Under the FDCPA

Schneider and Perez also argue that they have priority over the Government under the Federal Debt Collection Procedure Act ("FDCPA"). The Government filed its Application for Writ of Garnishment under the FDCPA, 28 U.S.C. § 3205. Schneider and Perez claim that they have priority over the Government because 28 U.S.C. § 3205(c)(8) specifically gives priority to orders for child support. This priority does not affect the Government's lien,

however, because the Government's lien (1) is a tax-type lien, and (2) arises out of a restitution order in a criminal case. *See* 28 U.S.C. § 3003(b)(1),(2). The FDCPA clearly states that it shall not be construed to limit the Government's right to (1) enforce a tax-type line, or (2) enforce a restitution order in a criminal case. *See id.* In this case, the Government's lien is a tax-type lien under 18 U.S.C. § 3613(c). The Government's lien also arises out of a restitution order in criminal cause No. 3:96–CR–315–1. The FDCPA's priority for child support orders, therefore, does not apply to the Government's lien against Brosseau's property.

## IX. Conclusion

Order of Priorities

| Priority | Party | Amount Perfected | Date Perfected |
|---|---|---|---|
| First | McGarry | 35% of the gross recovery in *Brosseau v. Kelly Resources, Ltd., et al.*, Case No. 03–03257–J, plus $8,457.06 in case-related expenses. | March 10, 2004, Super-priority under 26 U.S.C. § 6323(b)(8); 18 U.S.C. § 3613(d) |
| Second | The Government | $8,036,251.00 | January 22, 1999 |
| Third | Schneider | $175,750.00, exclusive of interest, fees and other expenses, as of January 24, 2005 | February 24, 2005 |
| Fourth | Perez | $162,000.00 exclusive of interest, fees, and other expenses, as of April 1, 2006 | April 21, 2006 |

McGarry has first priority to the funds that have been garnished in this case. The Attorney's Employment Contract assigned to McGarry 35% of the gross recovery from the State Court Action, *Brosseau v. Kelly Resources, Ltd., et al.* The State Court Action settled for (1) an initial payment of $100,000.00 to Brosseau, (2) twenty monthly payments of $15,000.00 to Brosseau, and (3) payments to Brosseau for oil and gas production attributable to Brosseau's working interest in the Pheasant oil and gas lease. The Court therefore **ORDERS** McGarry, within ten days of the signing of this Order, to provide this Court with evidence of the *total amount* of attorney's fees owed under the Attorney's Employment Contract that was signed on March 10, 2004. McGarry has priority to recover only these funds; McGarry does not have priority to recover funds under the unsecured promissory note signed by Brosseau. McGarry's attorney's fees shall be paid from the funds deposited by Garnishees into the registry of the Court.

The United States has second priority to satisfy its judgment lien from criminal cause No. 3:96–CR–315–1. After McGarry has been paid, all of Brosseau's property retained by Garnishees shall be paid to the Government in satisfaction of the criminal judgment lien.

Schneider has third priority to satisfy her child support lien. The Court understands that the criminal judgment lien held by the Government is greater than the amount at issue in this case, and Schneider is unlikely to recover any of the funds being garnished. Nevertheless, Schneider has third priority to these funds behind McGarry and the Government.

Finally, Perez has fourth priority to satisfy her child support lien behind McGarry, the Government, and Perez.

**SO ORDERED.**